CITED *in State, Roll, pros.,* v. *Perrine,* 5 *Vr.* 258.

---

THE STATE, WILLIAM GRANT, PROS., v. GEORGE W. CASSEDY, CLERK OF HUDSON COUNTY.

1. Commissioners under the act of 16th March, 1857, surveyed and mapped out into streets, avenues, and squares, all that part of the town of Bergen, south of the Morris canal, and among others, a street called Fifth street, running from avenue B to Isabella street.
2. By the act of 23d March, 1864, it was provided that when ten freeholders thought it necessary, they might apply for commissioners to open such streets, and that no street should be laid out in any other way. Ten freeholders applied to open said street from avenue A to Isabella street.
3. *Held,* that the appointment of said last commissioners was illegal.

---

On *certiorari.* In matter of proceedings to open Fifth street, in the town of Bayonne.

The object of the writ was to have set aside the appointment of commissioners to open a street in Bayonne, on the ground that the proceedings were not in conformity with the act of 16th March, 1857, under which act the said street had been described and mapped.

The case was heard before Justices VREDENBURGH, DAL-RIMPLE, and WOODHULL.

For the prosecutor, *Slaight* and *Lewis*.

For defendant, —— ——.

The opinion of the court was delivered by

VREDENBURGH, J.  The second reason assigned for setting aside these proceedings is, that the notice and application for the appointment of commissioners, purport to be for the laying out or opening of a street, which is not in accordance with the map, or a description of such street, as marked, defined, or mapped by the commissioners appointed by the act entitled " an act authorizing the appointment of commissioners to lay out and map streets, avenues, and squares, in that part of Bergen township south of the Morris canal, in Hudson county," approved March 16th, 1857.

By said act it was provided that A. D. Melick and others, were appointed commissioners to survey and map all that part of the township of Bergen, now Bayonne, which lies south of the Morris canal, to mark the same out into streets, avenues, and squares, of such width, extent, and direction as to them should seem most conducive to the public good, and that all streets, avenues, and highways, thereafter opened, shall be opened in accordance with said map, and *not otherwise*.

It further appears, by the case, that the commissioners did, in 1859, mark and map the said territory out into streets, avenues, and squares, and file the same according to the said act, and that the said commissioners, among other things

laid down upon their said map a street they called Fifth street, running from an avenue on said map called avenue B, to a street also laid down on said map called Isabella street.

By an act approved March 23d, 1864, it was provided, reciting, whereas the commissioners appointed by the said act, approved March 16th, 1857, have performed the duties imposed upon them by the said act, and whereas, it is desirable that the said streets, &c., should, from time to time, be opened; that whenever ten or more persons, being freeholders and residents in said township, shall think it necessary to have any of said streets opened for public use, it shall be lawful for the said persons, having given notice, to make application, in writing, to the judge of the Circuit Court, for the appointment of commissioners to open such street, and the judge shall appoint three commissioners to view said street, and determine whether the same shall be opened or not; and that no road or street shall be laid out, vacated, or altered in *any other way* than that provided in said act of March 23d, 1864.

So that the jurisdiction of the commissioners, of the freeholders, and of the Circuit Court, only arises upon and has relation to the streets laid out by the commissioners appointed by the act of March 16th, 1857, and as to them only when ten or more freeholders and residents shall think it necessary to have one of *said* streets opened for public use, and shall make application, in writing, to said judge for the appointment of commissioners to open said street; and such commissioners can only be appointed by said judge to view *said* street, that is one of the streets laid out by the commissioners under the act of 16*th March*, 1857.

On the 7th of July, 1864, more than ten freeholders and residents applied to said circuit judge to appoint commissioners to open Fifth street from Isabella street, extending westerly to avenue A, who were appointed accordingly, and who went on and ordered Fifth street to be opened from Isabella street extending westerly to avenue B, and made

the assessment. This *certiorari* is brought to set aside this order opening as aforesaid Fifth street, and the assessment.

Now had either the commissioners or the freeholders, or the circuit judge, any jurisdiction in the matter under this application?

It is a special and not general jurisdiction, and the authority to act must be shown.

The jurisdiction could only arise upon a certificate in writing, by ten freeholders, that they thought one of the streets laid down on the map of the commissioners appointed under the act of 1857, ought to be opened. But they only certify that Fifth street, from Isabella street extending westerly to avenue A, ought to be opened. There is no such street laid down on the map of the commissioners, under the act of 1857. Fifth street, on this last map, only extends from Isabella street, westerly to avenue B.

The freeholders certify, that the opening of Fifth street from Isabella street extending westerly to avenue A, would be conducive to the public interest, *but* if they had been asked if opening Fifth street from Isabella street, and extending westerly to only avenue B, would conduce to the public interest, we do not know *what* their answer would have been, and until that is done, in writing, no one, commissioners or judge, has power to initiate the proceedings.

The circuit judge having, therefore, no certificate of ten freeholders, that opening Fifth street, from Isabella street and extending westerly to avenue B, would be conducive to the public interest, had no jurisdiction of the matter, and the proceedings founded upon the application of the freeholders are illegal, and must be set aside.

Proceedings set aside.